\* EDWARD S. INNIS v. STEAMBOAT SENATOR.†   [5]

TESTIMONY ADMISSIBLE.—In a case of collision, after the witness had testified concerning the position of the vessels and the character of the night, he was asked, whether a vessel, on such a night and in such a place, could be seen at a considerable distance from a vessel approaching the shore, and, if so, how far?   *Held,* that the question should have been allowed.

APPEAL from the Fourth Judicial District.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This was an action brought by Innis, the owner of the ship Rhode Island, for damages arising from a collision by the steamer Senator.

The charge of the Court below is substantially correct, and the only error which we discover, is the refusal of the Court to admit certain testimony, tending to show how far the Rhode Island could have been seen at the time of the collision.   After the witness had testified concerning the position of the vessels and the character of the night, he was asked whether, "allowing the Rhode Island occupied the position marked upon the diagram presented, and that the night was merely a starlight night (without a moon) overhead, but hazy along the water, if the Rhode Island would be visible from a vessel, from any considerable distance, approaching the land, and, if so, to state the distance at which she would be visible." This question, together with several others of a similar character, was overruled by the Court, upon the ground, that it was hypothetical and

† Same case, see 1 Cal. 459.

speculative, and that the witness could only be allowed to
state the facts and the relative positions of the vessels, from
which it was the province of the jury to say, which was in
fault. It is undoubtedly true that the jury must make up
their verdict from the facts, and to that end the speculative
opinions of witnesses are carefully excluded. But it is dif-
ficult, in such a case as the present, to say how the darkness
of the. night could have been so brought home to the
knowledge and comprehension of the jury, as to enable them
to determine whether the Senator was in fault, unless by
some such question as the one propounded. The character
of the night had been described, and the better
[6]    * to understand whether objects could be easily distin-
guished, it was asked whether a vessel, on such a
night, and in such a place, could be seen at a considerable
distance from a vessel approaching the shore, and, if so,
how far? The question was direct, and the answer would
have been sufficiently certain. The witness must have
stated that the vessel could have been seen within some
named distance, from which the jury might have drawn the
inference of fault.

The judgment of the Court below is reversed, and a new
trial ordered.