# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1885.

CHICAGO AND ALTON RAILROAD CO.

v.

ABRAHAM BOCK.

| 17 | 17 |
|----|----|
| 53 | 417 |

1. VERDICT, WHEN UNDISTURBED.—Where the jury are properly instructed as to the legal questions involved and the conditions essential to a recovery, although they may have misconceived or misunderstood the evidential value of some of the facts in proof, the verdict will not be disturbed.

2. EVIDENCE—NEGLIGENCE.—Where animals were struck by a train at five o'clock in the morning of October 22d, and the question was as to the care exercised by those in charge of the train. *Held*, competent to permit witnesses to give their experience as to how far a horse could be seen at that time.

APPEAL from the Circuit Court of Logan county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed August 20, 1885.

Messrs. BLINN & HOBLIT, for appellant; that evidence of experiments made by witnesses two years after the accident at a different place, as to the distance an object could be seen at five o'clock in the morning, was incompetent, cited Yates v. People, 32 New York, 509; Aldrich v. Pelham, 1 Gray, 511; Collins v. Dorchester, 6 Cushing, 396.

The distance an object could have been seen in front of

an engine at the time of the accident was an important ele-
ment in determining whether the company was guilty of neg-
ligence, and incompetent evidence having been admitted to a
point material to the issue, the verdict should be set aside:
Aldrich v. Pelham, 1 Gray, 511 ; C. & M. Ry. Co. v. Moran-
da, 108 Ill. 576; McCoy v. People, 71 Ill. 111; Richardson . v.
Kelly, 85 Ill. 491 ; Robertson v. Brost, 83 Ill. 116.

Messrs BEACH & HODNETT, for appellee ; as to negligence,
cited T. P. & W. R. W. Co. v. Ingraham, 58 Ill. 120 ; R. R.
I. & St. L. R. R. Co. v. Irish, 72 Ill. 404.

WALL, P. J. The appellee is the owner of a pasture ad-
jacent to the railroad track of appellant. In the pasture were
a number of horses, which, escaping during the night time,
went upon the track, and some of them were so injured by a
train or trains passing over the road as to render them worth-
less.

To recover for damages thus sustained this suit was brought.
A trial by jury resulted in a verdict for plaintiff, and a motion
for new trial being denied, judgment was rendered according-
ly. The record is brought here by appeal. We are asked to
reverse the judgment upon the ground, as alleged, that the
evidence does not support the verdict. It was stipulated at
the trial that the animals got upon the track without the fault
of plaintiff or defendant, and it follows that the only question
is as to the alleged negligence of the defendant by its servants
in the management of its trains. There is no dispute as to the
law in this respect, and it may be briefly stated thus : That it
was the duty of defendant to exercise ordinary care and vigi-
lance, in running its trains, to avoid injuring animals so being
on the track, and that if it failed to exercise such care and vig-
ilance, and by reason of such neglect and without fault of
plaintiff the injury occurred, then defendant is liable, and it
devolves upon the plaintiff to establish such negligence by a
preponderance of evidence. There is no direct testimony as
to when or how the animals were injured, but we are quite

well satisfied, from the circumstances in proof, that they were struck by a train going north, at or about five o'clock in the morning of October 22, 1882. At least there is evidence from which this conclusion may be drawn. The evidence from which appellee would deduce the charge of negligence consists mainly of the tracks and marks made by the horses as they were running, and as they were dragged along and finally pitched from the road bed. Assuming that the injury was inflicted by a train going in the direction and at the hour just stated, from the distance the horses ran, apparently at great speed and in much confusion, it is argued that the persons in charge of the engine had ample opportunity for seeing them and avoiding the injury. On the other hand the employes of the defendant running trains that night all testify to their carefulness, and those running north say that though exercising proper vigilance they saw no horses on the track. It is shown that a train going south did strike one horse near this point, and those in charge of that train testify to such circumstances of care as would exonerate the defendant as to that animal. There is considerable evidence as to the grade of the track, the condition of the atmosphere that morning, the distance an object like a horse could be seen at the hour and time of year in question, and upon various collateral matters not necessary to be stated. The question of fact has been well and fully argued by counsel, and has received the very attentive consideration of the court. An extended discussion of the evidence would serve no useful purpose, and we deem it unnecessary to do more than to announce the conclusions we have reached. If the facts and circumstances detailed by the plaintiff's witnesses were true, it is not unreasonable to say that the servants of the company might, in the exercise of ordinary care, have avoided inflicting the injuries in question, and giving due weight to the testimony offered by the defendant and making proper allowance for the judgment and discrimination which the jury were warranted in exercising when they came to consider all the evidence before them, we are not able to say that the circuit court erred in refusing a new trial. True, no one saw the occurrence, and the burden of proving negligence is upon

the plaintiff; yet this may be made out quite as well by the cir-
cumstances as by direct proof. 1 Gr. Ev., Secs. 13 & 15. The
jury were properly instructed as to the legal questions involved
and the conditions essential to a recovery, and while they may
have misconceived or misunderstood the evidential value of
some of the facts in proof, we can not, under the well known
rules applicable in such cases, see our way clear to disturb
their verdict. It is urged also that the circuit court erred in
permitting witnesses to give their experience as to how far a
horse could be seen at five o'clock in the morning of October
22d. Several witnesses were allowed to so testify. As al-
ready stated, we think the animals were struck by a train go-
ing north about that hour, and that the main question of dif-
ficulty is as to the care exercised by those in charge of this
train. The inference of negligence would be strong or weak
in proportion as the opportunity for observation was perfect
or imperfect. If there was abundant light then it might eas-
ily be inferred from the indications afforded by the tracks and
the marks along the road bed that there was great negligence;
if the light was insufficient this inference would be of less
force and so on. It would be competent for a juror to bring
to his aid, in considering the other testimony in the case, his
own experience in this regard, and the first question he would
ask himself would be as to how far and how well one can see
at that hour in the morning; and were there no testimony as
to the experience of others in making observations at that
time, he might well weigh the facts proved in the light of his
own experience. We entertain no doubt that such evidence
is competent. It tends to prove the issue. It may be con-
ceded that its value is uncertain, since no witness could
have been placed under precisely the same conditions as the
engineer and fireman whose duty it was to keep a lookout on
that morning. It is not expert testimony. It is rather the
proof of an important fact necessary to be known in order
to place a proper estimate upon the other facts in proof.
An authority referred to by counsel for appellant and mainly
relied upon is a New York case, whose facts and circumstances
are unlike those of the present case, and we deem it not in

point. We see no such error in the record as would justify a reversal, and therefore the judgment of the circuit court is affirmed.

Affirmed.