## Andrew Klees v. The Chicago & E. I. R. R. Co.

1. FELLOW-SERVANTS—*Switching and Road Crews of a Railroad Company.*—The crews of switch and road engines whose employment requires them to do switching in the same yards. and to use the same tracks and switches, and makes them necessarily dependent on each other for their mutual safety, are fellow-servants.

2. SAME—*Length of Employment and Acquaintance Immaterial.*—The fact that an employe was only temporarily engaged at a particular task and that he had no acquaintance with his co-laborers does not operate to bar the application of the doctrine of fellow-servants.

3. SAME—*Ordinarily, a Question for the Jury—Exceptions.*—Whether two persons who are working for the same master are fellow-servants or not, is, ordinarily, a question for the jury; but in a case where there is no dispute as to the facts which show the relationship, and they prove beyond question that such persons were fellow-servants, the court may properly take the case from the jury.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

P. C. HALEY and ALSCHULER & MURPHY, attorneys for plaintiff in error.

W. J. CALHOUN, attorney for defendant in error; W. H. LYFORD and H. M. SNAPP, of counsel.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by Andrew Klees against the Chicago & E. Ill. Ry. Co., to recover for injuries sustained by him while engaged as engineer on a switch engine in the yards of the company at Chicago. The defense interposed was that the injury was caused by the negligence of other servants of the company engaged at the time in operating a road engine in the yards, and that they were fellow-servants with Klees. A trial was had in the Circuit Court by jury and a verdict of not guilty rendered under the peremptory direction of the court.

In seeking a reversal, Klees contends that he and the servants operating the road engine were not fellow-servants, and that whether they were was a question of fact for the jury and that the court erred in taking from the jury the decision of that question.

The evidence in the record shows that on the day when Klees was injured he, as engineer, formed part of a crew engaged with a switch engine in making up a freight train, which was to be taken south by a road engine. At the place on the road where he was injured there were two main tracks, one for south bound trains and one to the east of it for north bound trains, running parallel with these two tracks, and to the west of them were two lead tracks. These tracks were connected by switches, and also by switches connected with some twenty-three side tracks in the yards immediately north of the place of the injury. Klees had just come from one of the side tracks with his engine running backward, pulling several cars into the west lead track. A road engine which was to take a train south had a few minutes before come down on the south main track and backed up the caboose and several cars attached, which were thrown on a side track, and was proceeding to pick up other cars to make up the train. Through the negligence of the brakeman or engineer of the road engine, the road engine was turned upon a cross-over track to the west lead track, and while running north on the cross-over, collided with the switch engine

which was going south on the lead track, thereby tearing away the cab of the switch engine and so injuring Klees as to render the amputation of his leg necessary.

We think the plaintiff was a fellow-servant with the engineer and brakeman of the road train. In this view it is immaterial whether the proximate cause of the injury was the negligence of Lucas, the engineer, or Chapman, the brakeman of the road crew.

It is suggested that the doctrine of fellow-servant should not apply in this case, because the regular duty of Klees was that of an engineer of a transfer engine, that is, of transferring cars from the company's railroad to other roads, in which service he was not thrown into the association of the members of the road crews; that his employment as engineer of a switching crew was but temporary and that he had no acquaintance with Lucas. We do not consider as material the length of time Klees had been operating the switch engine, or the extent of his acquaintance with Chapman and Lucas. He was, at the time of the injury, voluntarily in the employment of the defendant company as engineer of a switch engine and, as such, had assumed all the risks incident to such position. Those of the defendant's employes who were fellow-servants of the regular engineer of that engine were, for the time, at least, fellow-servants with the plaintiff. The question is not whether the personal acquaintance and relations of plaintiff with members of the road crews had been such as to suggest that they would in some way contribute toward guarding against the dangers incident to this line of employment, but whether they were filling positions as co-servants of a common master, in such relation to each other as to suggest that they could mutually contribute toward guarding against such dangers.

Now, what were the relations of the members of the road crew and the members of a switching crew, operating as these crews were in the yards of defendant? Klees and the engineer of the road train were both engineers of crews whose employment required them to do switchwork in the

same yards. True, their duties were not identical, for the road crew devoted the greater part of their time to transporting cars from station to station along the line of the road, while the time of the switching crew was given almost entirely to the yards. But before starting out on a run, and during the making up of a train, they performed the same kind of service, that is, switching and transferring cars from one track to another. While in the yards both crews were under the direction of the same superior officer— the yard master. In the performance of their duties the engineers were required to drive their engines forward and backward through the same switches, over the same tracks, leads, and cross-overs, pushing and pulling cars from track to track in different parts of the yard. Brakemen from the road crew and switchmen from the other crew turned the same switches and in the same manner controlled the movements of their respective engines. In such work they were exposed to the hazard of collisions. The conditions were such as to create an incentive to the exercise of care and caution. There was a necessary dependence on each other's care and vigilance for their mutual safety. The collision in this case was due to the turning of the wrong switch by Chapman, or the negligent act of Lucas in driving his engine upon a track that brought it in collision with the other engine.

Our view is supported by the following authorities: Bailey's Master's Liability for Injuries to Servants, 171, 316; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302; Abend v. T. H. & I. R. R. Co., 111 Ill. 202; Rolling Mill Co. v. Johnson, 114 Ill. 57; T. H. & I. R. R. Co. v. Leiper, 60 App. 194; affirmed by Supreme Court, June, 1896; E. J. & E. R. R. Co. v. Malaney, 59 Ill. App. 114.

In the opinion in the last mentioned case we have expressed the views of this court upon this much mooted question.

The plaintiff in error contends that the court invaded the province of the jury by directing a verdict for the defendant; that the sole question in dispute being whether the injury

was caused by the negligent act of a fellow-servant, it should have been left to the jury to say what were the relations between the plaintiff and the employe who caused the injury. The question is, ordinarily, one of fact for the jury, but in a case where there is no dispute whatever as to the facts which show the relation of the two, and the relations are such as to show beyond question that they were fellow-servants, the court may properly take the case from the jury, if it appears that the injury was due entirely to the negligence of a fellow-servant.

Judgment affirmed.