WILLIAM KIRKWOOD <em>et al.</em>

<em>v.</em>

WILLIAM A. STEELE, Trustee.

</div>

<div align="right">

168  177
82a 625
168    177
192  ¹459
168    177
e110a 574

</div>

<div align="center"><em>Opinion announced orally October 12, 1897.</em></div>

PRACTICE—<em>certificate of importance must be procured within time allowed for praying appeals.</em> A certificate of importance, being a condition precedent to the right of appeal from the Appellate Court in cases involving less than $1000, must be procured within the twenty days allowed by section 90 of the Practice act for praying appeals.

MOTION to dismiss appeal.

PALMER, SHUTT, HAMILL & LESTER, for appellants.

JAMES F. HUGHES, for appellee.

Mr. JUSTICE WILKIN announced the opinion of the court:

This is an appeal from the Appellate Court for the Third District. It appears from the record, as well as the affidavit of appellee on file, that the appeal from the Appellate Court to this court could only be taken by procuring a certificate of importance from the Appellate Court. The judgment was rendered in the Appellate Court on the 15th day of June and appeal to this court prayed. On the 8th of July the appellants applied to the Appellate Court, as then constituted, for a certificate of importance, which was denied, but, as is said, for wrong reasons. Subsequently, on the 16th day of September, a certificate of importance was obtained from the new Appellate Court, new judges having been assigned to that court in the interim, and this appeal is based upon that certificate.

Without reference to the question as to whether the presiding court could properly make the certificate under the circumstances of this case, it is clear that the certificate was not obtained within the time required by the statute. All appeals from the Appellate Court must be prayed within twenty days after the rendition of the judgment appealed from. (Sec. 90, chap. 110; *James* v. *Dexter*, 112 Ill. 489; *MacLachlan* v. *McLaughlin*, 126 id. 427.) The fact that a petition for rehearing may have been filed does not change the rule. (*Sholty* v. *McIntyre*, 136 Ill. 33.) Where the amount involved is less than $1000, obtaining a certificate of importance is a condition precedent to the right to an appeal, and hence must be procured within the time for which the appeal may be allowed. (*MacLachlan* v. *McLaughlin, supra.*) The judgment in this case having been rendered on June 15, the time in which the certificate could be made had expired long prior to September 16.

The motion to dismiss will be allowed.

*Motion allowed,*