## Illinois Central Railroad Co. v. Harry Swisher.

1. INJURIES TO THE PERSON—*Risks Incident to an Employment.*— When the injury sustained by an employe of a railroad company is one incident to the ordinary risks of his employment he has no right of action.

2. LIMITATIONS—*When Not a Good Defense.*—When an additional count to a declaration is filed after the statute of limitations has run as to the cause of action stated in the original declaration and such additional count is but a restatement of the same cause of action the statute of limitations is not a good defense.

3. FELLOW-SERVANTS—*When the Master is Not Liable.*—When one servant is injured by the negligence of another servant, where they are co-operating with each other in a particular business in the line of their employment, or their duties are such as to bring them into habitual association so that they exercise a mutual influence upon each other, promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable.

4. SAME—*Application of the Law.*—A freight train was standing upon the track at a station, and one of the brakemen in charge of it, in turning a switch so as to allow a passenger train to pass by, improperly turned and adjusted the same so as to turn the passenger train upon the same track on which the freight train was standing, by reason of which a collision occurred in which the engineer of the passenger train was killed and the fireman seriously injured; *it was held* that the brakeman of the freight train who turned the switch, and the engineer and fireman of the passenger train, were fellow-servants within the meaning of the law.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Lee County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the May term, 1897. Reversed with finding of facts. Opinion filed December 17, 1897.

WM. BARGE, H. A. BROOKS and C. LE ROY BROWN, attorneys for appellant.

MORRISON & BETHEA, S. B. POOL and HENRY S. DIXON, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.
On two former occasions judgments in favor of the

appellee were reversed, and the cause was remanded for a new trial.   Illinois C. R. R. Co. v. Swisher, 53 Ill. App. 411; Illinois C. R. R. Co. v. Swisher, 61 Ill. App. 611.   Appellee having obtained another judgment the appellant has brought the case to this court for the third time.   Concerning the issues upon the original declaration as amended, the record discloses no substantial variation from the case as presented to the court at the several times to which reference has been made, and we are content to rest the case upon the reasoning of the two former opinions, with the further statement that the evidence introduced under the original declaration establishes to our satisfaction that the injury sustained by the appellee by reason of the averments in the declaration, was a risk incident to his employment, and for which, by the well settled law, he has no right of action.

By the clear preponderance of the evidence, also, the collision that resulted in the injury to appellee occurred in daylight, when even by appellee's own contention, appellant was not required to display a light upon its switch, even if it had been accustomed to do so at night, which it had not.

At the May term, 1896, of the trial court, after the last remanding order of this court, appellee obtained leave to file two additional counts to his declaration.   The first of the additional counts avers, in substance, that the appellant failed to use reasonable care to keep the switches closed upon the passage of the trains in question through the station of Sublette; that while appellee, with his fellow-servants, was, with due care, operating the passenger train, the appellant wrongfully and negligently permitted the switch to remain open whereby the passenger train came in collision with another locomotive and train on a side track, in consequence of which appellee was injured.   The second additional count substantially states that appellee was fireman of the engine drawing the passenger train through the station of Sublette, at which was a side track, with a switch connecting the main track, where it was the duty of appellant, by its servants, to use reasonable care to keep the switch closed, on the passage of the engine;   that while appellee

and his fellow-servants were, with due care, operating the passenger engine, the appellant by its servants, negligently permitted the switch to be and remain open, until said engine reached the same, ran upon the side track and collided with an engine and train thereon, thereby causing the injury to the appellee; that the switch was not negligently opened by any of the fellow-servants of the appellee.

To the additional counts, the general issue and the two years' statute of limitations were pleaded, to which latter the court sustained a demurrer, and, as we think, properly. The declaration filed at the beginning of the suit charged appellant with the duty of having the switch closed, and with neglect to perform such duty, and thereby the collision and injury were produced. A demurrer was sustained to the part of the original declaration containing this charge, and we think the additional counts were but a restatement of the same cause of action contained therein, and the statute of limitations was not a good defense. A trial by jury resulted in a verdict and judgment against appellant for $5,000.

Various errors are assigned upon the record, and numerous points made on the argument. In view of the conclusion we have reached in respect to the final order to be made, we have deemed it unnecessary to extend the length of this opinion in the discussion of but the single question, whether or not, under the additional counts, and the evidence in support of them, the appellee, and the person who negligently opened or turned the switch, were fellow-servants.

The fair conclusion from all the evidence is, that the cause of the injury was the turning the switch the wrong way to allow the passenger train to depart on the main track, but instead causing it to move upon the side track against the awaiting engine of the freight train, whereby appellee sustained injuries.

The rule of the law defining who are fellow-servants, is stated in the Moranda case, 108 Ill. 582, to be that it is essential that they (the servants) shall at the time of the

I. C. R. R. Co. v. Swisher.

injury be directly co-operating with each other in the particular business in hand, or that their usual duties shall bring them into habitual association, so that they may exercise an influence upon each other promotive of proper caution.

In the case of Chicago & E. I. R. R. Co. v. Kneirim, 152 Ill. 458, the distinguished justice, writing for the court, restated the rule in this State to be that, where one servant is injured by the negligence of another servant, where they are co-operating with each other in a particular business in the same line of employment, or their duties are such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable, citing numerous authorities.

In the case last mentioned it was also said the trial court, in instructions given and modified, where the word " and " instead of " or " was used between the alternative definitions, did not correctly state the rule as to the relations of fellow-servants.   Servants may be directly co-operating with each other in a particular business, in the same line of employment, and yet not be such that their duties bring them into habitual association, so that they may exercise a mutual influence on each other promotive of proper caution. These clauses (in the instructions) should have been connected by the disjunctive " or " instead of the conjunctive " and."

Whether in the several statements of the rule by the Supreme Court, the clause, " so that they may exercise an influence upon each other promotive of proper caution," is taken as qualifying the last alternative only, or both together, would be unimportant, for it would clearly seem that, if persons were directly co-operating with each other in a particular business in hand, in the same line of employment, their influence upon each other would be the same as if their usual duties shall bring them into habitual association, as, in either case, they may exercise an influence upon each other promotive of proper caution.

Thus it appears to be the well settled law that fellow-servants are produced, when by the facts of the case they fall within one or the other of the definitions given, and by an application of the clear facts of the case here presented, to the rule stated, it is believed no difficulty ought to be encountered in reaching the proper conclusion.

The evidence in the case clearly proves, as we believe, that George Irvine, a brakeman on the freight train, improperly turned the switch that caused the collision. Was he a fellow-servant with the engineer and fireman of the passenger train? There is no doubt, from the evidence, it was one of the duties of Irvine, as brakeman of the freight train, at the station in question, to turn the switch to enable both trains to safely pass, and it seems to us indisputable the engineer and fireman of the passenger train, and the brakeman of the freight train, who turned the switch, were directly co-operating with each other in the particular business then in hand, namely, the passing of the two trains, and in the same line of employment, namely, the running of trains upon appellant's road, thus demonstrating they were, at the time of such injury to appellee, fellow-servants within the meaning of the law.

To this conclusion, it may be objected, all persons operating passing trains would be fellow-servants; but the answer is that it may be infrequent where the duties of a brakeman on a passing train require him to discharge the part of a switchman. Whether switchmen and engine men, engineer and fireman are fellow-servants is a question of fact to be determined by the evidence in a given case. Such a finding of facts is not uncommon in an appellate court. Stafford v. Chicago B. & Q. R. R. Co., 114 Ill. 244. In Columbus C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545, appellee was a switchman, and the co-employe whose negligence caused the injury for which the suit was brought, was the engineer, and it was there held by the Supreme Court, they were fellow-servants, and Troesch could not recover. See, also, Ohio & M. R. R. Co. v. Robb, 36 Ill. App. 627; Elgin, J. & E. Ry. Co. v. Malaney, 59 Ill. App. 114; Terre H. & I. R. R. Co. v. Leeper,

60 Ill. App. 195, and 162 Ill. 215; Klees v. Chicago & E. I. R. R. Co., 68 Ill. App. 244; Bailey on Masters' Liability, 390; Randall v. Baltimore & O. R. R. Co., 109 U. S. 478, and cases there cited.

Irvine, the brakeman of the freight train, was *pro hac vice* in the usual discharge of his duties as the switchman for the passing train, on which appellee was one of the engine men, and hence we think it is beyond dispute the two were fellow-servants directly co-operating with each other in the particular business then in hand, and in the same line of employment of operating trains over the tracks of the appellant; and it would not be necessary under the alternative of the rule prescribed, that their usual duties should bring them into habitual association; and in either case, they might exercise an influence upon each other promotive of proper caution.

It follows, from what has been said, the appellee, under the law and the evidence, has no cause of action against the appellant, and it was error to give judgment, and for these reasons the same will be reversed.

Judgment reversed.

CRABTREE, P. J., took no part.

### FINDING OF FACTS.

Finding of the facts to be recited in the final order of this court:

And the court finds as facts from the evidence in the case, that the injury to appellee under the original declaration as amended, was the result of the risks incident to his employment, and occurred in the day time when lamps were not required on the switch of the appellant, and the injuries resulting to him by reason of the negligence averred in the additional counts of the declaration were occasioned by the negligence of a fellow-servant of appellee, directly co-operating with him in the particular business in hand and in the same line of employment in which the injuries were sustained.