## Andrew Klees v. Chicago & E. I. R. R. Co.

1. APPELLATE COURT PRACTICE—*Certificate of Importance, When to be Applied For.*—A certificate of importance is a condition precedent to the right of appeal from the Appellate Court in cases involving less than $1,000, and must be procured within the twenty days allowed by section 90 of the practice act for praying appeals.

**Motion,** for a certificate of importance. Motion denied. Opinion filed June 15, 1899.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Klees v. C. & E. I. R. R. Co.

This is an application for a certificate of importance. The action was case, and on a trial in the court below the jury were instructed to return a verdict for the defendant, which was done, judgment rendered thereon, and the plaintiff appealed to this court. Our opinion affirming the judgment of the Circuit Court was filed December 9, 1896, and is reported in 68 Ill. App. 244. No certificate of importance was then applied for, without which it is conceded no appeal could have been taken. The object of the present application is to enable appellant to prosecute a writ of error to the Supreme Court.

If our power or right to grant the certificate were clear, we would have no hesitation in complying with the request, but we are of the opinion that under the law it would be improper for us to do so. In the case of Kirkwood et al. v. Steele, 168 Ill. 177, it is held that a certificate of importance, being a condition precedent to the right of appeal from the Appellate Court in cases involving less than $1,000, must be procured within the twenty days allowed by section 90 of the practice act for praying appeals.

It is true this decision, by its terms, seems to apply only to appeals, but no reason is perceived why a different rule should prevail in cases of writs of error. The idea can hardly be tolerated that in all the cases where no appeal lies without a certificate of importance, the defeated party may wait until the five years allowed for suing out a writ of error have nearly expired, and then come in and apply for such certificates. Hundreds of such cases may have been decided in that time, the *personnel* of the court entirely changed, and yet, if the right to apply for a certificate of importance exists, the court, as at present constituted, would be bound to examine the cases formerly passed upon by other judges, and determine the question whether the certificate should be granted. We think it was not the intention of the legislature to produce any such result; on the contrary, we are of the opinion that the certificate of importance, if awarded at all, should be granted by the judges who heard and decided the case. This court, as now

626 · APPELLATE COURTS OF ILLINOIS.

VOL. 82.] First Natl. Bank v. Union Dist. Number One.

constituted, has only one of the judges who was a member of it when this case was decided. One of its present members tried the case in the court below, while the third member of the court had no connection with the case whatever. Under these circumstances, and for the reasons given, we think the certificate of importance must be denied.

Certificate denied.