## SIMON R. CLARK

### *v.*

## CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

1. MASTER AND SERVANT—*servant assumes the hazards of the service.* An employee who enters upon any service assumes all the ordinary hazards arising from the performance of the duties of his voluntary engagement, and the employer will not be liable to him for an injury caused without his fault, when he does nothing to render the service more dangerous than it was known to be by the employee before he engaged in it.

2. SAME—*negligence of lessee of railroad—liability of lessor.* A person engaging in the service of a railway company as an engine-driver, with full knowledge of the dangers incident to the service, who receives an injury while in the discharge of his duties, by a collision with a train of another company using the same part of the road under a lease from his employer, through the negligence and recklessness of the employees of the lessee company in running the train in violation of the reasonable rules of the lessor company, can not recover damages of the company employing him, such an accident being one of the ordinary perils of the service, and not attributable to any negligence on the part of the employer.

3. When two railway companies occupy and use a portion of the same road as a common track, the one as owner thereof, and the other as lessee, under proper rules and regulations as to the joint use so as to secure care and safety,

the lessor company, in the employment of servants to operate its trains over such road, does not impliedly contract with such servants that the employees of the lessee company will observe strictly the rules adopted to secure safety in the running of trains over the common road, and will not be held liable to a servant for an injury caused by the negligence of the servants of the lessee company.

WRIT OF ERROR to the Appellate Court of the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the Hon. O. L. DAVIS and Hon. LYMAN LACEY, Justices.

This action was brought by Simon R. Clark against the Chicago, Burlington and Quincy Railroad Company, in the circuit court of Adams county, the Hon. Joseph Sibley, Judge presiding, to recover for personal injuries sustained by plaintiff while in the service of defendant as an engine-driver, on account of a collision of trains on defendant's road. On the trial in the circuit court plaintiff recovered a judgment, but on appeal to the Appellate Court that judgment was reversed and final judgment rendered in that court against plaintiff for costs. The facts found and certified by the Appellate Court are as follows:

Plaintiff was a locomotive engineer in the service of defendant, and on the day of the accident was running an engine with a passenger train attached, over defendant's road, between Camp Point and Quincy. At the same time a wild or extra freight train, belonging to the Toledo, Wabash and Western Railway Company, was running over the same road between Quincy and Camp Point, and about 9:50 P. M. the two trains collided, injuring plaintiff very seriously.

Defendant's road between Camp Point and Quincy had been used continuously as one road, jointly by the two companies, since the year 1859, under a lease from the Chicago, Burlington and Quincy Railroad Company, and, by the arrangement existing between the two roads, the time-table of defendant governed all trains between Quincy and Camp Point, and it was made the duty of all conductors to run by such time-table. The rules adopted for the government of trains running over

that part of defendant's road between those points were, that conductors should await the arrival of an incoming train before another of the same class should go out; that inferior trains should wait for superior trains indefinitely; that a wild train had no business except upon an order from the dispatcher of defendant's road, and that first class trains had rights over all inferior trains.

The accident was not caused by any fault of plaintiff, or by any fault of the employees of defendant in charge of the passenger train, but was solely the result of negligence on the part of Gage, the conductor of the wild train of the Wabash road. By the time-table of the Chicago, Burlington and Quincy, the passenger train was entitled to the right of way and was within a few minutes of being on time, and was due in Quincy at 9:45 P. M., but was entitled to the right of way for twelve hours longer.   The wild train had run into Quincy from Camp Point about 7:30 P. M. and was to return the same evening, but it was made the duty of the conductor of that train, by such time-table, to await the arrival of the passenger train. Of this duty and of all the information imparted by the time-table, one of which was in his possession, he was fully aware, but for some unexplained reason, instead of waiting for the arrival of the passenger train, he left Quincy a few minutes before it was due and collided with it within five minutes after leaving.

Plaintiff entered the service of defendant as a locomotive engineer in 1859, and served as such until 1867, when he quit such service. From January, 1872, until September of the same year, he was in the employ of the Toledo, Wabash and Western Railway Company, and during that time ran over the road of the Chicago, Burlington and Quincy Company between Quincy and Camp Point, and was governed between those two places by the time-table of defendant.   He again entered the service of defendant in September, 1872, and knew, when he did so, that the Toledo, Wabash and Western Railway Company habitually ran its trains over the road of the

Chicago, Burlington and Quincy; and that it was governed by the time-table of defendant whilst upon the road.

Plaintiff brings the case to this court on error, and seeks a reversal of the judgment of the Appellate Court.

Messrs. McKENZIE & CALKINS, for the plaintiff in error.

Mr. O. H. BROWNING, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is certified to us, the Appellate Court found "the facts as stated in its opinion," which is made a part of the record, and as such finding, under our statute, is conclusive, there can be no disagreement in this court as to the facts.

Two propositions of law arising on the facts as found have been discussed: First, was plaintiff engaged in a common employment with Gage, the conductor of the "wild train" whose negligence or willfulness was the proximate cause of the injury to plaintiff; and second, was plaintiff injured by one of the ordinary perils of the service in which he was engaged.

As an affirmative answer to the second question will be conclusive of the case, no discussion need be had on the first proposition.

Prior to his last engagement, plaintiff had been in the service of defendant, and while so engaged drove his engine over that portion of the road where the accident occurred. Afterwards he engaged with the Wabash Railway Company, and ran over the same road under regulations adopted by defendant for the government of trains of both companies. On his re-engagement with defendant he was, previous to the accident, quite familiar with the service and with the dangers to which he would be exposed. It was as well known to him as to defendant that trains of both companies would be run over this portion of defendant's road by employees of the different companies, selected and paid by them respectively. Of course he knew the employees of the Wabash

Railway Company would be selected by that company without consulting defendant, to run their trains upon this portion of the railroad, subject only to the rules established by defendant to secure the safety of the service, as far as practicable.   One of the hazards incident to the service in which plaintiff was engaged was, the fact the employees of the respective companies might be negligent in the observance of the rules adopted to govern the running of trains.   Defendant had adopted rules and regulations as to the operation of trains, which, had they been observed strictly, would have avoided the injury to plaintiff.   More than that it could not do.   Plaintiff was under as much obligation to anticipate the employees of the Wabash Company might become negligent in the observance of their duties as was defendant.   Neither could know the employees of the lessee company would always observe due care and conform strictly to the rules and regulations as to running trains. Plaintiff must be held to have known as well as defendant that any negligence on the part of the servants of the Wabash Company in that regard would expose him to imminent danger. If any difference, his means of knowledge of these matters were better than those possessed by defendant.   He had been familiar with the manner of running trains over that portion of the road for years, and with full knowledge of all the dangers incident to such employment, and to which he would be exposed, he voluntarily chose to engage in it.   The law is, an employee, when he enters upon any service, assumes all the ordinary hazards arising from the performance of the. duties of his voluntary engagement.

The running of trains is known to be a dangerous occupation, and that in which plaintiff was engaged was, no doubt, rendered more so by reason of the fact trains were run over the same track by two distinct companies.   But it can not, with any show of reason, be claimed that plaintiff was injured by anything that defendant did to render the service more dangerous than it was known to him to be before he engaged in it.   Opportunity was afforded him to ascertain and become

familiar with the work to be performed and the peculiar dangers to which he would be exposed, and knowing them as well as he did, the law is well settled he assumed all the ordinary risks incident to his engagement. The negligence of the employees of the lessee company is one of the hazards against which, it must be presumed, he contracted. There is no warrant in law or in any consideration that concerns the public welfare, for the proposition that defendant impliedly contracted with plaintiff that the employees of the lessee company would observe strictly the rules adopted to secure safety in the running of trains over the road in which both companies were engaged. Experience teaches that in no service do the employees always observe due care. In railroad as well as other hazardous labor, every cautious person can not but anticipate that there may be omissions of duty on the part of employees that might expose co-employees to injuries. Such are among the ordinary exposures, and if a party is unwilling to assume such risks he must not engage in the service. It is a matter of no consequence whether plaintiff was in a common employment with the servant of the lessee company whose negligence or willfulness caused the injury. Plaintiff was not injured by any cause outside of the ordinary perils of the service in which he was engaged. He was exposed to no new dangers by any negligent conduct of defendant that he could not have anticipated before he entered upon the performance of his engagement. The cases in this court are conclusive of this view of the law. *Indianapolis, Bloomington and Western Railroad Co.* v. *Flanigan,* 77 Ill. 365; *Chicago and Northwestern Railroad Co.* v. *Ward,* 61 id. 131.

The judgment must be affirmed.

*Judgment affirmed.*