# WABASH, ST. LOUIS & PACIFIC RY. Co.
## v.
## WILSON GORDON.

NEGLIGENCE.—FELLOW SERVANTS.—As the court below ignored the points upon which the case turned, viz., as to the negligence of fellow servants and whether the injury was not produced by causes incident to the service, it was error.

ERROR to the Circuit Court of Sangamon county; the Hon William L. Gross, Judge, presiding. Opinion filed October 5, 1885.

Messrs. GREENE, BURNETT & HUMPHREY, for plaintiff in error.

Messrs. McCLERNAND & KEYS and Mr. WEBNER E LOOMIS, for defendant in error.

WALL, P. J.  The defendant in error, Wilson Gordon, brought suit and recovered judgment against the plaintiff in error for personal injuries sustained by him while in the serv. ice of the plaintiff in error.

Gordon was employed on a freight or construction train, which carried a pile driving machine, and it was his duty to assist in the management of the machine and in the management of the train, when necessary or when required.  On the day in question the pile driver train was ordered to run from Springfield to Decatur on the time of train No. 6, thirty minutes late.  Train No. 6 was a regular passenger and was that morning one hour behind time, so that the pile driver train, if orders were obeyed, would be thirty minutes ahead of No. 6.  The pile driver train was delayed in getting out of Springfield and otherwise, of which, however, no notice was given to the train despatcher, and when it reached Lanesville, the fifth station east of Springfield, it was one hour and three minutes behind the schedule time of No. 6, and was therefore thirty-three minutes behind the time it was ordered to make.  While standing on the track at Lanesville and before the proper signal could there be given to the rear train, it was overtaken by No. 6, and the collision occurred in which Gordon received his injury.  There is evidence that the morning was very foggy, and there is evidence tending to prove, the rear train did not give the proper warning by ringing bell or sounding whistle as it approached the station of Lanesville. The engineers in charge of both trains were provided with time cards or schedules, indicating the time which was to be made by them respectively, under the orders on which they were then running, upon which time cards were printed rules regulating their conduct in case of delay.

By rule two it was provided that when a train is behind time or delayed at a station long enough to be in danger of being overtaken by another train, the conductor must have signals posted at a distance of not less than 800 yards to pre-

vent the possibility of collision. And by rule twenty it was provided that when one train follows another it must be kept, while running, at least two miles behind the preceding train, and must cautiously approach all stations, expecting to find the leading train occupying the main track. It seems clear, therefore, that the railroad company had made proper rules for the guidance of its employes under such circumstances and that the orders given by the train despatcher were free from ambiguity or difficulty, so that the collision was due to the negligence of those in charge of the first or second train, or possibly to the concurring negligence of both. Conceding that the fog was such as to prevent the engineer of the rear train from seeing the first train in time to stop, and that he approached the station cautiously and with the proper signals, then the negligence which produced the injury must be laid to those in charge of the first train; for it is quite clear that train was much behind time and did not send out the signal to the rear train as soon as under the rules it should have done. From a careful reading of the evidence we are of opinion that this is the proper and just inference to be drawn—and the question then arises whether the company would be liable. The plaintiff and all those employed upon that train, including the engineer and conductor, were fellow servants, and for an injury sustained by one of them through the negligence of another the common master is not responsible : I. C. R. R. Co. v. Cox, 21 Ill. 20 ; C. & A. R. R. Co. v. Keefe, 47 Ill. 108 ; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302 ; C. E. I. R. R. Co. v. Geary, 110 Ill. 383 ; Abend v. T., H. & I. R. R. Co., 111 Ill. 202.

But if it be assumed that there was such negligence upon the part of those who were in charge of the rear train as to be justly deemed the proximate cause of the injury, the question arises whether this is not one of the perils and hazard: incident to the employment, which were to be anticipated by the plaintiff when he entered the service of the company. The rule upon this subject has been so often stated and applied by the Supreme Court that an extended reference to the authorities is not necessary. Among others may be cited the

case of Clark v. C. B. & Q. R. R. Co., 92 Ill. 43, where the plaintiff, an engine driver of one train, was injured through the negligence of the conductor of another train operated by another company on the same road, and it was held the plaintiff could not recover against his employer. See also, W., St. L. & P. Ry. Co. v. Conkling, 15 Bradwell, 157. We think the rule is applicable here. To quote from the opinion in the Clark case, *supra:* " Experience teaches that in no service do the employes always observe due care. In railroad, as well as other hazardous labor, every cautious person can not but anticipate that there may be omissions of duty on the part of employes that might expose co-employes to injury. Such are among the ordinary exposures, and if a party is not willing to assume such risks he must not engage in the service."

The court in its instructions given for the plaintiff below, ignored the point as to the negligence of fellow servants, as well as the point whether the injury was not produced by causes incident to the service, and since the case turned upon these questions, this was error.

In our opinion, also, it was error to refuse the motion for a new trial upon the question of fact.

The judgment is reversed and cause remanded.

Reversed and remanded.