O. & M. Ry. Co. v. Robb.

## OHIO & MISSISSIPPI RAILWAY COMPANY
## v.
## JOHN H. ROBB, ADM'R.

*Railroads — Negligence — Personal Injuries — Fellow-servants — Assumption of Risk.*

1. The negligence of fellow-servants is one of the hazards assumed by an employe in entering upon a given employment.

2. Two railroad engineers in the same grade of service, each running over the same track, are, by reason of their ordinary and usual duties, to be looked upon as fellow-servants.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of Shelby County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Mr. ANTHONY THORNTON, for appellee.

WALL, J. This was an action by the administrator of Albert A. Kenney, deceased, against the railway company, to recover damages for causing the death of the plaintiff's intestate. The judgment was for the plaintiff for $5,000.

The deceased, Kenney, was an engineer on a regular train and was killed in a collision caused by the negligence of Large, the engineer of the other train, which was a special or "wild" train. Large was ordered to take the wild train from Springfield to Pana. The order given him by the train dispatcher was—"Run to Pana avoiding regular train." In violation of this order he left Taylorville on the time of the regular train and thus caused the collision, which occurred between there and the next station. He probably misunderstood the time card, but he persisted in his course in spite of the remonstrance of his fireman, who objected to going further, and he lost his own life in the result.

We are unable to attribute any fault to the train dispatcher. He gave a clear, explicit order easily understood, which, if obeyed by Large, would have insured the safe passage of both trains. True, he did not notify the deceased, Kenney, of the coming of the wild train, but if he had, no additional security would have been gained. Kenney would have known merely that the wild train was approaching, but under orders to keep out of his way, and would have had no reason to apprehend it would disregard orders and get on his time. Hence, the information would have suggested no extra caution on his part, and certainly it would not have justified him in giving up his own right of way, and therefore could have made no change in his action. He would and should have done precisely as he did.

Then if the master is liable, it is because he is responsible for the negligence of the delinquent servant, though the person injured was also a servant, and because such negligence was not one of the ordinary perils of the service, assumed by the injured servant. If this is so it must be for the reason that they were not fellow-servants, as it is a well settled rule of law that the negligence of fellow-servants is one of the hazards ordinarily incident to the employment and presumably anticipated and contracted for, and for which no liability attaches to the common master.

We are of the opinion that these two engineers were, by reason of their ordinary and usual duties, so habitually associated as to become fellow-servants within the rule as announced in the Moranda case in 93 Ill. 302.

While they were not engaged in the doing of one particular thing, yet they were in the same grade of service, each participating in one particular line of employment—that of running engines over the same track, and in the usual and ordinary course of the service their duties would bring them into habitual consociation in a position to be familiar with each other's mode of performing the same sort of duty, certainly exposed to peril by each other's negligence therein, and in a position where each might, and naturally would, from the strongest motives of self-preservation, seek to exercise an influence cautionary and corrective over the other.

Each one owed it to himself as well as to the master and to the public to observe and, as far as possible, to obviate and correct any negligent habit or tendency in the other.

We therefore hold the master not liable for the negligence in question. The judgment will be reversed.

*Judgment reversed.*

*Recital of facts found by the court:*

And, having duly considered the premises, this court finds that the death of the plaintiff's intestate was caused by the negligence of Large, the engineer in charge of the special or wild train, which negligence occurred while said Large was engaged in performing the service devolved upon him in that behalf, as such engineer, and not by or through the negligence of any other person, and it is further found that at the time of said negligence the said Large and the said plaintiff's intestate were fellow-servants of the defendant railway company, wherefore the defendant is held not liable to the plaintiff for such negligence.