Mary O'Leary, Administratrix, etc., v. The Wabash Railroad Company.

1. FELLOW-SERVANTS—*Who Are.*—Two crews of men in the employ of a railroad company, daily co-operating and consociating together in the business of switching in the same yard, one delivering cars, and the other receiving the same cars, are fellow-servants.

Memorandum.—Action for damages sustained from death from negligent act. Error to the Circuit Court of St. Clair County; the Hon. ALONZO D. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

WISE & McNULTY, attorneys for plaintiff in error.

GEO. B. BURNETT, attorney for defendant in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Thomas O'Leary was employed by the Wabash Railroad Company as one of an engine crew, engaged in switching cars in the company's yards in East St. Louis. There were two crews engaged in this work—one in the upper and the other in the lower yard. It was the business of the crew in the upper yard to throw, or "kick" cars across certain railroad crossings to the crew in the lower yard, and it was the business of the latter to receive and handle the cars thus delivered to them. Each crew had a foreman who gave orders to his own crew, and both crews were under the command of a common yard master. The two crews were thus associated together, daily, in the business of switching cars in the company's yards. The work of the one was the complement of the work of the other. One delivered cars, and the other received them. Their usual duties brought them into habitual consociation, so that they were able to exercise an influence upon one another, promotive of proper caution in the discharge of their mutual duties. On a certain day, while this state of affairs was subsisting, the crew at work in the upper yard "kicked" twenty cars over the crossings, into the lower yard. O'Leary, the fireman of the engine in the lower yard, had charge of that engine at the time, and was backing the same in the direction of the approaching cars. He reversed the engine, but not in time to prevent the collision which caused his death. This suit was brought by the mother of the deceased, as the administratrix of his estate, to recover damages arising from the death of her son. A verdict was returned and a judgment was rendered in favor of the defendant.

The plaintiff in the court below brings the record to this court by writ of error, and asks this court to review the

record and to reverse the judgment. It is alleged that the cars which caused the accident were running at a rate of speed prohibited by the ordinances of the city of East St. Louis, and had but one brakeman to control them, whereas at least two brakemen were required for the proper management of twenty cars. It is not necessary, however, to consider the question of negligence in any of its phases, inasmuch as the case must be disposed of upon other grounds. The pertinent and controlling inquiry here is, were the two crews fellow-servants? If they were, the judgment must be affirmed, regardless of the question of negligence. So, on the other hand, if there is evidence tending to show that the two crews were not fellow-servants, the judgment must be reversed. This is true, because the trial court, at the conclusion of the evidence, instructed the jury to find for the defendant, which was a proper instruction if there was no evidence tending to show that the relation of fellow-servants did not exist, and a fatally erroneous instruction, if there was evidence tending to establish that proposition. On the evidence as disclosed by the record, we hold that there was no evidence tending to prove the allegations of the declaration that the deceased and those employes of the company who caused his death were not fellow-servants. In C. & N. W. R. R. Co. v. Moranda, reported in 93 Ill. 302, and afterward on the second appeal in 108 Ill. 576, it was held that in order to constitute servants of the same master fellow-servants it is necessary either that they should be actually co-operating at the time of the injury in the business in hand, or that their usual duties should bring them into habitual consociation, so that they might exercise an influence upon one another promotive of proper caution for their mutual safety. We are aware of no decision of our Supreme Court modifying the rule as thus laid down.

In O. & M. Ry. Co. v. Robb, Admr., 36 Ill. App. 627, it was held that two railroad engineers in the same grade of service, each running over the same track, are by reason of their ordinary and usual duties, to be regarded as fellow-servants. A *fortiori* is it true, that two crews daily co-oper-

ating and consociating together in the business of switching in the same yard, one delivering cars and the other receiving the same cars, are fellow-servants under the definition given in the Moranda case and adhered to in the last reported case bearing upon the question. But it is said that the court should state what constitutes the relation of fellow-servants, and the jury should determine whether or not that relation exists under the circumstances of the particular case. This is true. It has been so held in a number of cases, one of which is L. E. & W. R. R. Co. v. Middleton, 142 Ill. 550. But does the Supreme Court mean to state that where the evidence shows conclusively that the relation of fellow-servants exists and there is no evidence tending to show the contrary, the trial court must nevertheless submit the question to the jury and approve a verdict finding that to be true, which the record shows to be absolutely untrue? The propounding of the question is the refutation of the proposition. Any other mixed question of law and fact, which, when there is a conflict in the evidence, must be submitted to the jury, may be withdrawn from the jury when the facts are uncontradicted and show conclusively that the plaintiff is not entitled to recover. The court determines whether or not there is evidence tending to establish a certain proposition, and if the court finds that there is such evidence, the jury are required to determine what weight the evidence is entitled to, and to decide whether or not it does establish the controverted proposition. We see no reason for the application of a different rule when the question is whether or not certain employes of a common master were fellow-servants. The judgment is affirmed.