## ELLA M. LEEPER, Admx.

### *v.*

## TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY.

*Filed at Mt. Vernon June 12, 1896.*

1. APPEALS AND ERRORS—*findings of fact by Appellate Court are
conclusive.*  The finding of facts by the Appellate Court different
from the trial court, on which is based its judgment of reversal
without remanding, is final and conclusive upon the Supreme Court.

2. SAME—*findings of Appellate Court construed in connection with the
pleadings.*  A finding of facts by the Appellate Court is to be con-
strued and understood in connection with the pleadings in the case,
and no particular form of expression is necessary.

3. FELLOW-SERVANTS—*construction of Appellate Court's finding of
facts concerning.*  A recital by the Appellate Court that the death
sued for was caused by the negligence of an engineer running
another section of the same train on which deceased worked as
fireman; that the relation between the two men "was such as to
promote caution for the safety of each other;" that they "were in
the same general grade of service and the same line of employ-
ment;" that their duty "was to be on constant guard not to injure
each other;" that the injury "was the result of a hazard of the
service," and that there was "no negligence shown in the system
or plan under which the trains were operated," is a finding that
the men were fellow-servants.

*Terre Haute and Ind. R. R. Co.* v. *Leeper,* 60 Ill. App. 194, affirmed.

Writ of Error to the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. Benjamin H. Canby, Judge, presiding.

Jesse M. Freels, and Wise & McNulty, for plaintiff in error:

The employee is not bound to anticipate, nor does he assume, the risk from extraordinary dangers, and he is not bound, as matter of law, exactly to know and appreciate the risk of the work in which he is engaged. Buswell on Personal Injuries, 340.

When the Appellate Court finds the facts different from the trial court, the facts recited must include every material issue submitted to the trial court, to authorize the Appellate Court to render final judgment different from the one below. *Senger* v. *Town of Harvard,* 147 Ill. 308; *Insurance Co.* v. *Scammon,* 123 id. 602; *Neer* v. *Railroad Co.* 138 id. 32; *Hawk* v. *Railroad Co.* 138 id. 40.

If the hazard was not a usual hazard, or was not known or understood by deceased, he did not assume it, and the employer cannot escape liability. Bailey on Master's Liability, chap. 9, p. 172, and p. 185.

The burden of proving that an injured servant had knowledge of an obstruction or defect before an accident is on the employer. 14 Am. & Eng. Ency. of Law, 844.

The men were not fellow-servants. They had no connection one with the other, were not working together, were not associated together in the performance of their duties, their employment did not require co-operation and had not brought them together or into such relations that they could exercise an influence upon each other promotive of proper caution, without which they were not fellow-servants. *Railroad Co.* v. *Hawthorn,* 147 Ill. 230; *Railroad Co.* v. *O'Brien,* 155 id. 631; *Railroad Co.* v. *Moranda,* 93 id. 315; *Railroad Co.* v. *Kelly,* 127 id. 643; *Railroad Co.* v. *Hoyt,* 122 id. 374; *Railroad Co.* v. *Moranda,* 108 id. 582; *Rail-*

*road Co.* v. *Massey*, 152 id. 144; *Railroad Co.* v. *Dwyer*, 57 Ill. App. 441.

This different department distinction has been called "the doctrine of Illinois." McKinney on Fellow-servants, chap. 5, p. 168.

The court does not find deceased and Burgess were "directly co-operating with each other," though it does find they were in the same line of employment. This court, in *Chicago and Alton Railroad Co.* v. *O'Brien*, 155 Ill. 633, has almost in express terms held the finding of facts in this case insufficient to bring the deceased and Burgess within the rule making them fellow-servants.

TURNER & HOLDER, and T. J. GOLDEN, for defendant in error:

Where no question of law is preserved the judgment of the Appellate Court is final. *Bank* v. *Cunniff*, 151 Ill. 329.

Proof that Leeper was injured in consequence of the negligent acts of servants of the railroad company is not sufficient. The evidence for the plaintiff should further show that the relation of fellow-servants did not exist. *Joliet Steel Co.* v. *Shields*, 134 Ill. 209.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On February 25, 1893, a freight train was run by defendant in error on its line from Terre Haute to St. Louis in three sections, called "29," "29 extra" and "29 second extra." They were run on the schedule time of 29—a regular train. Each had a conductor, two brakemen and an engineer and fireman. They ran five minutes apart, and were ordered to go on a side-track at Montrose station, so as to allow an east-bound freight train to pass. On reaching that station the first two sections obeyed the order and were standing on the side-track, the engine of 29 extra fifteen or twenty feet from the caboose of 29, when 29 second extra, one Burgess being the engineer, ran into the switch, striking the rear end of this middle

train with such force as to drive its engine into the caboose of 29. William Leeper was the fireman on 29 extra, and being in the cab of his engine when the collision occurred thereby received injuries causing his death. This action is brought by his administratrix to recover damages therefor, under the provisions of sections 1 and 2 of chapter 70. (1 Starr & Curtis' Stat. 1290).

The act of negligence charged against the defendant in the declaration is, that it ran and drove an engine and train with great force and violence into and against the rear end of the train attached to the engine on which the said William Leeper was then and there at work, where it was his duty to be, and drove and pushed said engine into the caboose of a train in front of it, and mashed the caboose and broke and mashed the engine, and the said William Leeper was thereby caught and crushed in the wreck and so injured that he died. It is then averred that "the servants of the defendant in charge of said train which caused said injuries as aforesaid were not the fellow-servants of said William Leeper, deceased." On a plea of the general issue, a trial by jury in the city court of East St. Louis resulted in a judgment for the plaintiff for $3000 and costs of suit. On appeal the Appellate Court reversed that judgment without remanding the cause. The petition of plaintiff below for a rehearing being overruled and final judgment rendered in that court reciting the facts as found by it, a writ of error is prosecuted to this court.

The facts so recited are as follows: "This court finds that the death of William Leeper, the appellee's intestate, who was at the time a locomotive fireman, engaged in the operation of a locomotive for appellant on its road, was caused by the negligence of Burgess, the engineer operating another locomotive on same road; that such negligence caused a collision between two sections of the same train, resulting in said death; that the relation between the men operating the different sections of said

train was such as to promote caution for the safety of each other; that the said servants were in the same general grade of service and the same line of employment, whose duty it was to be on constant guard not to injure each other, and therefore the injury was the result of a hazard of the service.    The court further finds there was no negligence shown in the system or plan under which the said trains or sections of trains were operated." An attempt is made by plaintiff in error to question the correctness of this finding under the evidence.

The statute expressly provides that when the determination of any case in the Appellate Court is final, resulting, in whole or in part, from finding the facts in controversy different from the trial court, the Appellate Court shall recite the facts as found by it in its final judgment, and that its judgment shall be "*final and conclusive as to all matters of fact in controversy in the cause.*" (2 Starr & Curtis, sec. 87, chap. 110, p. 1842.)    In *Harzfeld* v. *Converse*, 105 Ill. 534, it was said (p. 540): "The Appellate Court found the facts on which is based its final judgment to be very different from what counsel assume them to be, and this court, under the statute, is not at liberty to find them to be other or different from what they are stated to be in the judgment or final order of the Appellate Court.    The provision of the statute in that respect is imperative, and may not be disregarded."    See *Williams* v. *Forbes*, 114 Ill. 167, citing this and other cases.

But it is contended that "the law properly applied to this finding of fact does not necessarily preclude the plaintiff from recovering," and this is the only substantial question before us.    We regard the recital as a definite finding that the deceased and the employee whose negligence caused the accident were, at the time, fellow-servants.    The declaration shows on its face that plaintiff's intestate and the party whose negligence caused his death were employees of the defendant, and avers that they were not fellow-servants.    The general rule is, that

the principal is not liable to an employee for an injury received through the carelessness of another employee when both are engaged in the business of the principal. (*Honner* v. *Illinois Central Railroad Co.* 15 Ill. 550; *Illinois Central Railroad Co.* v. *Cox*, 21 id. 20; *Chicago and Alton Railroad Co.* v. *Murphy*, 53 id. 336; *Columbus, Chicago and Indiana Central Railway Co.* v. *Troesch*, 68 id. 545.) Many later decisions of this court are to the same effect. It is true that under the law of this State all employees of a common master, employed in the same enterprise, are not regarded as fellow-servants within the rule, as they were at common law. When, however, the injury is shown to have been inflicted by the negligence of a co-employee in the same general business, the master is not liable unless certain relations existed between the two at the time, resulting from their respective duties and employments. As said in *Chicago and Alton Railroad Co.* v. *Murphy, supra* (p. 339): "When the ordinary duties and occupations of the servants of a common master are such that one is necessarily exposed to hazard by the carelessness of another, they must be supposed to have voluntarily taken the risk of such possible carelessness when they entered the service, and must be regarded as fellow-servants, within the meaning of this rule." We said in *Louisville, Evansville and St. Louis Railroad Co.* v. *Hawthorn*, 147 Ill. 226 (on p. 230): "Whether the relation of fellow-servants exists between employees of a common master is a question of fact. It is not enough that they are servants of the same master, employed in the same enterprise. If they are not associated together in the performance of their duties, or their employment does not require co-operation or bring them together, 'or into such relations that they can exercise an influence upon each other promotive of proper caution,' they are not fellow-servants within the rule which exempts the master from liability for injury to one through the negligence of the other." It is true, as said by Justice LAWRENCE in the *Murphy case*, it is not

"easy to define who are to be considered fellow-servants, in the sense of this rule, with such perfect accuracy that doubtful cases will not occur." And in *Indianapolis and St. Louis Railroad Co.* v. *Morgenstern*, 106 Ill. 216, it is said (p. 220): "Whether the deceased and Bray were fellow-servants depended upon a variety of facts which had to be proven before the jury. The inquiry would arise whether they were in the service of a common master; were they engaged in the same line of employment; were the existing relations between them of such a character and their duties such as to bring them often together, co-operating in a particular work. These, and perhaps other facts of a kindred character, were matters to be proven before the jury, and from the facts thus proven it was for the jury then to say whether the two servants, in the discharge of their duties, were fellows."

No technical words or particular form of expression is necessary in the recital of facts found by the Appellate Court. It is to be construed and understood in connection with the pleadings in the case. To say that the foregoing statement incorporated in its final judgment does not show that the Appellate Court found that William Leeper and the servant of defendant who negligently caused his death were fellow-servants, within the rule in this State which exempts the common master, would certainly be to ignore the plain meaning of the language used. Plaintiff's action depending upon the alleged fact that her intestate was injured by the negligence of an employee of the defendant not his fellow-servant, and that fact being found against her, the judgment of the Appellate Court reversing that of the circuit court without remanding the cause was proper, and it is therefore affirmed.                    *Judgment affirmed.*