# Chicago & Alton R. R. Co. v. James Hartley.

1. FELLOW-SERVANTS—*Switching Crews.*—Two switching crews of a railroad company are fellow-servants, and the company is not liable for an injury to a member of one of the crews by reason of negligence on the part of the other crew.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Marcus Kavanagh, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed July 17, 1900.

Lee & Hay, attorneys for appellant; William Brown, of counsel.

James C. McShane, attorney for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

The accident whereby appellee received the injuries for which he brings this suit, occurred November 30, 1891, about eight o'clock in the evening, at the Brighton Park freight yard of appellant, situated in this county, and about six miles from the center of the city of Chicago. Appellee was at the time in the employ of appellant in the capacity of a switchman, and was employed upon what is termed a "transfer" crew, and had been so employed between five and six months previous to the day of the accident. He had had some twelve years experience as railroad switchman and brakeman. Said yard was an extensive freight yard; north of the main track there were seven switch tracks, and south of the main track about double that number. The track upon which the accident occurred, was track No. 7 north.

The side tracks in this yard are at each end connected with lead tracks which connect with the main track, and is therefore what is termed among railroad men, "open at both ends." The switching crew of which appellee was a member came onto track No. 7 from the east. Each switching crew had five members, being the engineer, fireman, chief switchman, termed conductor, and two other switchmen. The other switching crew had the same number of men occupying like positions. The switching crew of which witness Stewart was a member was kicking cars onto the side tracks from the west. We will, for convenience, call that crew the "Stewart crew." Sending cars onto the several

tracks, and permitting them to run onto the track discon-
nected from the engine, is called "kicking" them on the
several tracks. The Stewart crew was kicking cars onto
the north tracks, and kicked some cars onto track No. 7.
At the same time appellee was engaged in coupling up the
cars which had been kicked onto track No. 7, in the man-
ner indicated, and was coupling the rear car, when other
cars, kicked onto that track by the Stewart crew, struck the
car which he was coupling onto the balance of the train,
bringing the two bumpers together, catching the hand of
appellee between them and crushing the fingers so that all
of the fingers of that hand were amputated.

Appellee was unable to continue in his employment,
and was idle by reason of said accident some four or five
months. After his recovery, or at least, partial recovery,
an adjustment or settlement was made with appellant, in
which appellee received the sum of $280. Upon the trial the
jury returned a verdict for $5,000 in favor of appellee. A
remittitur of such sum of $280 was entered and a judgment
upon the verdict for the balance. Appellee was in the
employ of appellant for something over a year after his
recovery. He retired from that employment voluntarily.
This suit was commenced after such termination of said
employment.

Counsel for appellant present three propositions for the
consideration of the court. They are as follows:

"First. The plaintiff assumed as one of the hazards of
his employment the mode of doing business by reason of
which his injury resulted.

Second. If there was any negligence proven in this case
it was the negligence of a fellow-servant.

Third. The plaintiff, by reason of the release which he
signed, has released to the Chicago & Alton Railroad Com-
pany the cause of action in this case."

The facts in the case of C. & E. I. R. R. Co. v. Driscoll,
176 Ill. 330, are very similar to the facts in the case at bar.
There, there were two switching crews of five members each,
working in the same switching yard. And, as in the case
at bar, a member of one of the crews was injured by what

was contended to be negligence on the part of the other crew, or some member of it.   And it was there held that the two switching crews were fellow-servants, and that the railroad company was not liable for an injury to a member of one of the crews by reason of negligence on the part of the other crew.   The Supreme Court used this language (p. 335–6):

" As regards the performance of the duties of the switching crew, and the character of their work while in the yards, the service was almost identical and shows beyond question, the relation of fellow-servants existed."

The night appellee was injured it was dark, and there had been a recent fall of snow, so that cars could not be seen at any considerable distance, nor heard as distinctly as when the track was not affected by snow.   The testimony is uniform, including that of appellee, that it was the duty of appellee to look out, to keep watch for his own safety.

The judgment of the Superior Court must be reversed and the cause remanded.