## Michael J. Tierney v. The Chicago Junction Ry. Co.

1. FELLOW-SERVANTS — *When Switching Crews Are Not.* — Two switching crews in the employ of different railroad companies, although using the same track for their trains, their duties not being such as to bring them into habitual consociation and so cause them to exercise a mutual influence upon each other promotive of proper caution, are not to be regarded as fellow-servants.

2. SAME—*Who Are, When a Question of Law.*—The question as to whether the relation of fellow-servants exists is ordinarily one of fact, but where the facts are not disputed the question may become one of law.

3. EMPLOYER AND EMPLOYE—*Ordinary Perils of the Service Assumed by the Employe.*—An employe of a railroad company when he enters the service assumes the risk of injuries by the ordinary perils of the service in which he is employed.

4. PRACTICE—*Where the Court is Not Justified in Directing a Verdict for the Defendant.*—Where the facts are such that reasonable men of fair intelligence may draw different conclusions the question of negligence must be submitted to the jury.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Mr. Justice HORTON dissenting. Opinion filed January 15, 1901.

ARCHIBALD CATTELL and D. F. MATCHETT, attorneys for appellant.

WINSTON & MEAGHER, attorneys for appellee; FREDERICK R. BABCOCK, of counsel.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit to recover for personal injuries. Upon the conclusion of all the evidence, the Superior Court directed the jury to find the defendant not guilty. From that finding and the consequent judgment this appeal is prosecuted.

There was evidence tending to show the following state of facts: Appellant was employed as a switchman by the Illinois Central Railroad Company. The injury of which he complains was received at the stock yards, to which he had been sent as a member of a switching crew for the purpose of hauling away such cars, loaded or empty, as had been collected by the appellees for delivery to his employer. By arrangement between the Illinois Central and appellee, the latter were accustomed to place cars intended for delivery to the former upon two of its tracks known as 12 and 13, set apart for the purpose. The switching crew of which appellant was a member had taken the cars, some eleven in number, which were found awaiting it upon track 12, and was proceeding to get those upon track 13. While his own train was backing down upon track 13 for the purpose of coupling onto the cars there standing, appellant walked just ahead until, when the end of his train had slowly approached within about three feet of the nearest of the line of cars to be taken, he put himself in position, link pin in hand, to make the coupling. At that moment the entire line of seventeen cars standing still behind or beside him, to which he was about to couple on, was suddenly and violently shoved forward without warning, with force sufficient to push back the slowly approaching Illinois Central train and engine a distance, it is said, of some thirty feet, and to break the draw bar of the car by which appellant was injured, and to damage said car so as to put it in "bad order" and make repairs necessary. Appellant was knocked down, his right foot was caught under a car wheel, and the injury inflicted for which he seeks to recover. The accident was caused by a switching crew in the employ of appellee which shunted or "kicked" upon track 13 and against the cars there standing, a number of addi-

Tierney v. Chicago Junction Ry. Co.

tional cars, which had no brakeman to slow them down and lessen the force of the collision. The seventeen standing cars which appellant was about to couple to his own train, were struck with the full force of whatever rate of motion the moving cars had when so "kicked" upon track 13 by appellee's switching engine. There is evidence tending to show that the cars so "kicked" on to track 13 came from around a curve and could not be seen by appellant from the position he had occupied, and that he had no means of knowing of their approach. He was intent upon making the coupling, and it is claimed had no reason to suppose the cars with which he was making connection and which had been placed there for that purpose would be interfered with from their rear.

Appellee's position is that appellant was an experienced switchman, familiar with the location of the tracks and the movement of the cars thereon; that he assumed the risks of his employment, and was injured in consequence of his own negligence or that of his fellow-servants, and can not recover; and that therefore it was the duty of the court to direct a verdict for defendant, as was done.

We can not agree with appellee's contention that the two switching crews were fellow-servants. The crew to which appellant belonged was not, according to the undisputed evidence, in the employ of appellee, while the crew by whose act the injury was inflicted were appellee's servants. Their duties were not such as to bring the two crews into habitual consociation, and so cause them to "exercise a mutual influence upon each other promotive of proper caution." See Spry Lumber Co. v. Duggan, 182 Ill. 218 (222), and cases there cited. We are referred by counsel for appellee to the case of Clark v. C., B. & Q. R. R. Co., 92 Ill. 43, apparently as sustaining their contention that appellant and appellee's switching crew were engaged in a common employment. This point was not, however, passed upon by the court in that case. It was held as of no consequence, it appearing that the plaintiff was injured by one of the ordinary perils of the service in which he was engaged;

that the railway company had adopted rules and regulations as to the operation of its trains, which, had they been observed by the servants of its lessee, would have prevented the injury; that more than this it could not do; and that the plaintiff had, when he entered the service, assumed as an ordinary hazard the risk that the employes of another road which he knew was operating trains on the same track, might be guilty of negligence exposing him to danger. In the case at bar, however, the alleged negligence was that of appellee's own servants, and there is no evidence that appellee had adopted rules and regulations with reference to the time or manner of switching cars onto the receiving tracks from which they were to be taken. It had fixed certain hours when such cars were to be called for, but this was to prevent interference by the outside roads with each other in getting their cars away—not to regulate switching, which, according to appellee's evidence, was going on all the time. We do not regard the Clark case as applicable to the evidence before us. While the question as to whether the relation of fellow-servant exists is one of fact, yet where, as here, the facts are not disputed, the question may become one of law. C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330 (335). Appellant was employed by the Illinois Central, not by appellee. In Penn. Co. v. Backes, 133 Ill. 255 (262), it was said, that even if the relation of master and servant had existed between appellee and the appellant in that case, the latter was required in switching its cars not to do so in a reckless manner, but with due regard to the safety of those who might be employed on a switch or side track; citing Rolling Mill Co. v. Johnson, 114 Ill. 59, in which it was held gross negligence to back, without notice, a train against a car which was being unloaded, with such violence as to put it in motion.

We come then to the question whether the evidence, both for plaintiff and defendant, upon the charge of negligence, with all the inferences which the jury might justifiably draw therefrom, is or is not sufficient to support a verdict for the plaintiff, should one be returned. Instructions tak-

Tierney v. Chicago Junction Ry. Co.

ing the case from the jury should only be given where the evidence is wholly insufficient, if credited to sustain a verdict for the plaintiff.    Where there is evidence tending to sustain the issues in behalf of the plaintiff, the weight to be given thereto must be submitted to the jury.    This evidence must be such that the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff. Boyle v. I. C. R. R. Co., 88 Ill. App. 255 (257).    Can it be said in the present case that but one reasonable inference can be drawn from the evidence, and that appellee was beyond reasonable controversy, not guilty of negligence causing the injury complained of ?    "Where the facts are such that reasonable men of fair intelligence may draw different conclusions the question of negligence must be submitted to the jury."    C. & N. W. Ry. Co. v. Hansen, 166 Ill. 623 (629).    We regard the evidence in this case as tending to show facts of such a character.    It is true that there is apparent conflict upon some material matters, but such conflict it is the duty of the jury to consider, and determine the facts.

As the case must be retried, it is proper to say that we are to be understood as expressing no opinion upon the facts, merely holding that there was evidence which should have been submitted to the jury, and that it was error for the court to instruct the jury what their verdict should be. The judgment of the Superior Court must be reversed and the cause remanded.

Mr. Justice Horton :

I can not concur in the above opinion.    It seems to me to be in conflict with the following cases, when considered together, viz.:    C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330; C., B. & Q. R. R. Co. v. Clark, 2 Ill. App. 596, affirmed in Clark v. C., B. & Q. R. R. Co., 92 Ill. 43.