### Illinois Central Railroad Company v. Nettie M. Ring, administratrix.

1. FELLOW SERVANTS—*who may be.* The operating crews of two
trains on the same road, under one general management, may be
fellow-servants within the rule and definition which obtains in
this state.

2. FELLOW-SERVANTS—*when question as to who are, becomes one
of law.* When all the facts upon which the existence of such rela-

tionship depends are made known, without dispute or controversy, are so conclusive that all reasonable men must reach the same conclusion therefrom, it becomes a question of law.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Jackson County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1904. Reversed with finding of facts. Opinion filed March 17, 1905.

W. W. BARR and R. J. STEPHENS, for appellant; J. M. DICKINSON, of counsel.

WILLIAM A. SCHWARTZ and ANDREW S. CALDWELL, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case, brought by appellee against appellant in the Circuit Court of Jackson county, to recover damages under the statute for the death of plaintiff's intestate, William E. Ring, alleged to have been caused by the negligence and wilfulness of the defendant's servants. A trial resulted in a verdict and judgment for the plaintiff for $5,000, from which the defendant appealed to this court. William E. Ring, the deceased, was killed in a rear-end collision of freight trains on defendant's road at Belleville, in the morning of January 12, 1901. At the time of his death Ring was in the employ of defendant as a rear brakeman or flagman of freight train known as No. 255, scheduled to leave East St. Louis at 10 P. M. January 11, and to arrive at Belleville about 11 P. M. The train was delayed in starting and on the way, so that it did not reach the station at Belleville, thirteen miles distant, until 3:20 A. M. of the 12th. J. M. Carnes was the conductor in charge of No. 255. When the train arrived at Belleville it stopped, with the engine opposite the station and telegraph office. Carnes left Ring in the cupola of the caboose, and went forward to the station, walking on the tops of the cars. Before leaving he told Ring to "keep his eyes peeled" for an extra freight which was to follow them from East St. Louis, at the same time stating that "we have been a long time out of East St. Louis and these fellows (meaning the

crew of the extra) will hardly be looking for us," or "expecting us." Both the conductor and Ring knew of the extra train to follow No. 255. Twenty minutes after the arrival of 255 at Belleville and while it was standing at the station, the extra train, headed by two engines, running at the rate of about eighteen miles an hour, collided with the rear end, wrecking the caboose and several freight cars. Ring was killed and his body was found in or about the head lamp of the leading engine.

The declaration contains three counts. In the first it is charged that the defendant's servants in charge of the extra freight train, "wantonly, recklessly and negligently" so handled the said train as to cause the collision and the death of plaintiff's intestate. The second count charges negligence in running the extra freight in violation of a Belleville speed ordinance. The third count charges wantonness and wilfulness by the servants in charge of the extra in not running carefully through the yard limits of Belleville as required by special instructions of defendant company according to Rule B 8 of the time table then in force. To this declaration defendant pleaded not guilty. At the close of the plaintiff's evidence, and at the close of all the evidence, defendant moved the court for a peremptory instruction to the jury to find for the defendant, which was denied and exceptions preserved.

The cause of action set out in the declaration and each count thereof is based upon the conduct of the servants in charge of the second or extra train. From the undisputed evidence found in this record, we find as a matter of law, that the deceased, William Ring, was a fellow-servant of the train crew of the extra train, and whatever the negligence or wilfulness of a fellow-servant under the declaration in this case, the plaintiff may not recover. It has been held without any exception, applicable to this case, that the operating crews of two trains on the same road, under one general management, may be fellow-servants within the rule and definition which obtains in this state. They are employed by one master, engaged in the same service in a par-

ticular line of employment, that of running engines and trains over the same track, and their usual and ordinary duties are such as to bring them into habitual con-association according to the requirements of the rule laid down in the Moranda case, 93 Ill. 302, and as explained and defined in subsequent decisions of the Supreme and Appellate Courts. The rule as stated in Joliet Steel Co. v. Shields, 134 Ill. 209, and repeated in Illinois Steel Co. v. Coffey, 205 Ill. 206, is as follows: "Where one servant is injured by the negligence of his fellow-servants, their duties being such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable." True, as contended by appellee, it is generally a question of fact for the jury to determine whether the relationship of fellow-servant exists; yet when all the facts upon which the existence of such relationship depends, are made known, without dispute or controversy, are so conclusive that all reasonable men must reach the same conclusion therefrom, it becomes a question of law. Illinois Steel Co. v. Coffey, *supra*. The rule that the master is not liable for injuries caused by a fellow-servant applies whether the injury is the result of the negligence or the wilfulness and wantonness of the fellow-servant. No distinction is made in applying the doctrine. Chicago & Alton R. R. Co. v. Thompson, 99 App. 277. Being of opinion that the appellee is without right of action because the deceased was a fellow-servant of those charged with negligence, it is not necessary to consider other questions argued by counsel, further than to say, that the negligence of the deceased was such as to bar recovery on the second count, or upon mere negligence as charged in any count. The deceased was specially warned against the particular danger to which he and his train were exposed, and from which he suffered. Regardless of the rules of the company or the caution required of employees under the circumstances, his own negligence and reckless indifference to consequences is so over-

whelmingly manifest as to preclude a recovery unless relieved by the doctrine that negligence of the plaintiff is no defense to a charge of wilfulness and wantonness in the defendant. It has been held by this court under the facts in this case (I. C. R. R. Co. v. Leiner, Adm., 103 App. 438), that deceased, and the crew of the extra train, were guilty of gross negligence which amounted to wilfulness and wantonness, and for this reason the company was held liable for the death of one who was a trespasser and in the caboose without right at the time of the collision.

For the reasons stated the judgment of the Circuit Court will be reversed with finding of facts.

*Reversed with finding of facts.*

Finding of facts, to be incorporated in the judgment of the court:

We find that appellee's intestate, William E. Ring, at the time of receiving the injury which caused his death, was a fellow-servant with the engineer and conductor in charge of the extra train which collided with train No. 255 and caused the injury; and that the said deceased William E. Ring was guilty of negligence which contributed to his injury and death.