## Myrtle Aldrich, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

1. PLEADING—*what allegations need not be proved.* In an action of tort facts alleged by way of independent allegation which are not material to the cause of action, need not be proved.

2. MASTER AND SERVANT—*who not fellow-servants.* *Held,* that the crew of a train bound in one direction were not, as a matter of law, fellow-servants of a crew of a train bound in the other direction.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE,

Aldrich v. Illinois Central Railroad Co., 147 App. 198.

Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

W. W. BARR and R. J. STEPHENS, for appellant; J. M. DICKINSON, of counsel.

FRANK F. NOLEMAN and W. F. BUNDY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Marion county, by appellee against appellant, to recover for the death of appellee's intestate resulting from an injury received while in the service of appellant as a brakeman on one of its trains. Trial by jury. Verdict and judgment in favor of appellee for $8,000.

The declaration consists of two counts and states in substance that appellant was operating a double track railroad from Centralia to Mounds; that the west track was used for south-bound trains and the east track for north-bound trains; that south-bound trains had the right of way over the west track and north-bound trains had the right of way over the east track; that appellee's intestate was one of the train crew operating a south-bound train on the west track, and other servants of appellant were operating a north-bound train on the east track; that the train crew operating the north-bound train were not fellow-servants of appellee's intestate; that on the occasion of the injury resulting in the death of appellee's intestate, the north-bound train had arrived over its own track and had stopped at the station of Halliday-boro, its train had been run into a passing track which lay between the north-bound track and the south-bound track, and its engine had been detached and taken to a coal mine, a short distance west of the railroad, to get out certain coal cars; that as this engine was returning from the coal mine with six cars attached, it went upon the south-bound track in attempting to get over onto the passing track, and while it was on the

south-bound track the south-bound train, upon which the appellee's intestate was a brakeman, approached, coming from the north, on its own track, the two engines collided and appellee's intestate was killed. In the first count it is alleged that it was appellant's duty to have sent a flagman to warn the crew of the south-bound train that their track was obstructed, and that it failed to do so. And in the second count it is alleged generally that appellant failed to give to the crew, or to any member of the crew of the south-bound train any notice or warning of the fact that their track was obstructed by the north-bound train. It is also alleged in each of the counts "that the said station of Hallidayboro was not a stopping place for the said freight train upon which the said deceased was then and there employed, nor was it a meeting point with any other train there."

The brief and argument of counsel for appellant is devoted almost wholly to their contention that the trial court erred in refusing to direct the jury to return a verdict in favor of appellant. Their first proposition in support of this contention refers to the allegation in the declaration, "that the said station of Hallidayboro was not a stopping place for the said freight train upon which the said deceased was then and there employed, nor was it a meeting point with any other train there."

As we understand counsel, they do not contend that proof of the facts stated in this allegation is material to appellee's right to recover upon the merits of her case as made by the evidence. Their position as they state it is: "A party litigant, by the character of his pleading, may make material and necessary to be proven, matters and facts which, but for the manner of pleading, would be immaterial and unnecessary to be proven. In this case, appellee expressly averred, in both counts of her declaration, not only that Hallidayboro was not a stopping station for the south-bound train, on which deceased was a brakeman, but that it

was not a meeting point for any other train there; and we insist that she thereby made it material and necessary for her to prove the facts so averred. Yet she not only failed to offer evidence of the truth of her averments, but the same were expressly disproved by her own first witness and by all others who testify to those points." We are of opinion that the rule here contended for does not apply in this case. The facts alleged are not, of themselves, material requisites of appellee's case. This is not the pleading of a material requisite with needless particularity, nor is it a descriptive allegation qualifying or limiting any statement of a material requisite. We think the allegation here under consideration is in no sense other than an independent immaterial allegation. Such allegations need not be proved,—they may be entirely ignored.

Counsel insist that the crew of the north-bound train and the crew of the south-bound train were fellow-servants, as matter of law, and cite in support of this contention the following cases: I. C. R. R. Co. v. Ring, Admx., 119 Ill. App. 294; O. & M. R. R. Co. v. Robb, 36 Ill. App. 627; Klees v. C. & E. I. R. R. Co., 68 *ib*. 244; I. C. R. R. Co. v. Swisher, 74 *ib*. 164; C. & A. R. R. Co. v. Hartley, 90 *ib*. 284; T. H. & I. R. R. Co. v. Leeper, 60 *ib*. 194; Same case, 162 Ill. 215; Clark v. C., B. & Q. R. R. Co., 92 Ill. 43; C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330, and Chicago City Ry. Co. v. Leach, 208 Ill. 198.

We are of opinion from an examination of all the cases bearing upon the question, to which our attention has been called, that whether the operating crews of two trains on the same railroad under one general management are fellow-servants or not, is a question of fact to be determined from the evidence in each particular case. It is true that the question need not in every case be submitted to the jury, for where the uncontroverted evidence proves a state of facts so conclusive that all reasonable minds must reach the same conclusion therefrom, then the court may assume the existence of

the fact and apply the rule of law applicable thereto. It is only in this sense that this question ever becomes a question of law. It is always primarily a question of fact to be determined from the evidence in each particular case.

The case at bar does not fall in the same class with any of the cases relied on by counsel for appellant, in a number of respects, among them being the important fact that the road in this case was a double track road and the respective tracks were set apart for the exclusive use of the respective trains, the west track for the south-bound trains and the east track for north-bound trains. The case in 119 Ill. App. 294, the one most favorable to counsel's position of any cited by them, holds no more than that such train crews "may" be held to be fellow-servants in that class of cases, when engaged in running engines and trains "over the same track,"—"track," not road. In that case the road was a single track road, and this fact is noted in the opinion as one of the material features of the case. In the case in 36 Ill. App. 627, the road was a single track road and this fact is also noted in that case the court saying: "Two railroad engineers in the same grade of service, each running over the same track" may be held to be fellow-servants. The case in 60 Ill. App. 194 is one where two sections of a train were following each other "on the same track;" and the case in 162 Ill. 215, is the same case. In 68 Ill. App. 244 the respective crews were in the switching service in the same yard and were required to use the "same tracks;" and the same is true of the case in 90 Ill. App. 284. The question of fellow-servant was not in any manner involved in the case in 92 Ill. 43. The case in 176 Ill. 311 is one where yard crews were employed to perform the same character of service at the same time, using the "same tracks;" and the case in 208 Ill. 198 is a case where separate grip cars were being operated "on the same

track," with other cars immediately preceding and following.

In the case of C. & A. R. R. Co. v. House, 172 Ill. 601, the road was double track road at the place of the injury, "the east one being for all trains going south and the west one for all trains going north." The question as to whether the two crews were fellow-servants was submitted to the jury, and the jury found that they were not fellow-servants; and the court says: "We think the evidence sufficiently supports the finding that the crews of these two trains were not fellow-servants,—not so co-operating nor habitually associated as to make them such." Of this class is the case of L. E. & W. R. R. Co. v. Middleton, 142 Ill. 550. We think the case at bar clearly falls within the same class, and are of opinion that the question as to whether the two crews were fellow-servants was a question of fact for the jury and not a question of law for the court; and we are also of opinion that the evidence fully proves every material requisite of appellee's right to recover under both counts of her declaration.

We find no substantial error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*